(95 South. 824)

HALL v. BUSHNELL. (8 Div. 535.)

(Supreme Court of Alabama. April 5, 1923.)

1. Executors and administrators ⟜149—Bill to set aside simulated sale under power and to coerce payment of annuity provided for by will held not demurrable.

A petition in a suit to coerce the payment of an annuity provided for in a will alleging that a sale had been simulated by the executor in order to defraud complainant of her annuity held to state a cause of action as against the defense that a sale had been made pursuant to a power contained in the will.

2. Equity ⟜148(3)—Bill, single purpose of which is to compel payment of annuity, held not multifarious.

A bill, the single purpose of which is to compel payment of an annuity provided for in a will, held not multifarious, though it asked vacation of alleged simulated sale under power in will.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by Ida T. Bushnell against Mollie G. Hall, as executrix of Frank B. Gurley, deceased. From a decree overruling demurrer, respondent appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Cooper & Cooper, of Huntsville, for appellant.

Counsel argue that the bill is subject to demurrer, but cite no authorities.

David A. Grayson, of Huntsville, for appellee.

No brief reached the Reporter.

SAYRE, J. Ida T. Bushnell filed this bill to coerce the payment of an annuity provided for her by the will of Thomas P. Gurley, deceased. Frank B. Gurley, appointed to execute the will, and Mollie G. Hall, were made parties defendant to the original bill; but, Frank B. having died, and Mollie G. Hall having been named and appointed as executrix of his last will and testament, the cause was revived against her in that capacity. It is averred, in effect, that Frank B. Gurley and Mollie G. Hall, conspiring to evade payment of the annuity, simulated a conveyance by the former to the latter of valuable real estate, so that he might remain in possession and enjoy the income from the property for his life with remainder to her. The bill charges a devastavit of the personal estate and seeks to annul the deed as fraudulent. It prays judgment for delayed payments on the annuity and such necessary and proper orders with reference to the real estate as will insure future payments. A demurrer to the bill was overruled.

[1] It is urged against the bill that Frank B. Gurley had power under the will in his discretion to sell the real estate, and hence that there can be no legal ground of complaint against the disposition of it averred. But, under the averments of the bill, Frank B. Gurley did not sell the real estate, but merely simulated a sale in order to defraud complainant of her annuity. If the fact be as averred, and it is necessary to set aside the simulated conveyance in order to secure payment of complainant's annuity, equity will make proper orders to that end.

[2] It is also urged that the bill is multifarious. Its single·purpose is to compel the payment of complainant's annuity. This ground of demurrer is not well taken.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.